IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 08-cr-00398-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESUS GASTELUM-LAUREN,

    Defendant.

**ORDER GRANTING MOTION FOR ENDS OF JUSTICE CONTINUANCE**

**Blackburn, J**

This matter is before me on the defendant's **Unopposed Motion for Ends of Justice Continuance of Jury Trial** [#22], filed November 25, 2008. The motion is unopposed. On November 26, 2008, I issued a Minute Order [#23] granting the defendant's motion and continuing the trial set in this case for December 1, 2008. The present order contains the required findings of fact and conclusions of law that are the basis for my November 26, 2008, order.

The defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .

> (8)(A) Any period of delay resulting from a continuance
> granted by any judge . . . at the request of the defendant or
> his counsel or at the request of the attorney for the
> Government, if the judge granted such continuance on the
> basis of his findings that the ends of justice served by taking
> such action outweigh the best interest of the public and the
> defendant in a speedy trial.
>
> (8)(B)(ii) . . . the case is so unusual or so complex, due to
> the number of defendants, the nature of the prosecution . . .
> that it is unreasonable to expect adequate preparation for
> pretrial proceedings or the trial itself within the time limits
> established [by § 3161].

18 U.S.C. § 3161(h)(8)(A) and (B)(ii).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." **United States v. Hill,** 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. **See** 18 U.S.C. § 3161(c)(1); **United States v. Lugo**, 170 F.3d 996, 10001 (10th Cir.1999). Certain periods of delay are excluded and do not count toward the 70-day limit. **See** 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" **Hill**, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(8)(A), certain prerequisites must be satisfied. **Id**. at 441. First, I must consider the following factors listed in section 3161(h)(8)(B):

> (i) Whether the failure to grant such a continuance in the
> proceeding would be likely to make a continuation of such

> > proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*., § 3161(h)(8)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" **Hill**, 197 F.3d at 441 (quoting **United States v. Doran**, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting **Doran**, 882 F.2d at 1516).

The defendant's current counsel was appointed to represent the defendant on November 7, 2008, after the defendant's previous counsel was permitted to withdraw. On November 10, 2008, defense counsel received 548 pages of discovery concerning this case. This discovery concerns, *inter alia*, the defendant's immigration status, deportations, and previous criminal convictions in Arizona. The defendant does not speak English, so his counsel must arrange for an interpreter to be present for each meeting between the defendant and his counsel. Because of the need for an interpreter, defense counsel could not arrange for an initial meeting with the defendant until November 20, 2008. Counsel needs to arrange one or more additional meetings with the defendant to review the discovery materials, and must review court records related to the defendant's previous convictions in Arizona. Review of these records is necessary because the defendant faces a significant sentence enhancement based on these previous convictions.

Based on these facts, I find that additional time is required for additional investigation and preparation by the defendant and his counsel. I find further that it would be unreasonable to expect adequate preparation by the defendant for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c) or by trial, which was set to commence December 1, 2008. I have considered the factors which I must consider under 18 U.S.C. § 3161(h)(8)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(8)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time initially prescribed by 18 U.S.C. § 3161(c) or by trial, which was set to commence December 1, 2008,

4

would result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i);

(2) That it is unreasonable to expect adequate preparation for pretrial or trial proceedings within the time limits established by the Act or by trial, which was set to commence December 1, 2008;

(3) That even considering due diligence, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv);

(4) That for now[1] an additional 90 days should be excluded from the computation of speedy trial under the Act; and

(5) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(8)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Unopposed Motion for Ends of Justice Continuance of Jury Trial** [#22] filed November 25, 2008, is **GRANTED**;

2. That 90 days from December 1, 2008, **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74;

3. That the court **SHALL CONDUCT** a telephonic trial setting conference on **December 8, 2008, at 10:30 a.m.**, at which time the defendant need not be present; provided, furthermore, that counsel for the government shall arrange, schedule, and coordinate the conference call necessary to facilitate the trial setting conference; and

---

[1] If defendant decides to file pretrial motions, additional time should be excluded to facilitate the timely resolution of such motions.

5

4. That trial **SHALL BE SET** to commence by Monday, February 23, 2009.

Dated December 2, 2008, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**
                                      **Robert E. Blackburn**
                                      **United States District Judge**